Filing # 115271971 E-Filed 10/20/2020 12:05:47 PM

Served Date: OCT 28 2020   Time: _____
Christopher Kady #237
2nd Judicial Circuit

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

ALONZO WILLIAMS,

      Plaintiff,

-vs-

CASE NO.: 2020CA003205

DOLGENCORP, LLC,

      Defendant.

_____/

## SUMMONS

THE STATE OF FLORIDA:
TO ALL AND SINGULAR THE SHERIFFS OF SAID STATE:
GREETINGS:

    YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint, Interrogatories, Request to Produce and Request for Admissions or petition in the above styled cause upon the Defendant:

DOLGENCORP, LLC
c/o Corporation Service Company
1201 Hays Street
Tallahassee, FL 32301

    Each Defendant is hereby required to serve written defenses to said Complaint or petition on Plaintiff's attorney, whose name and address is:

JAMES CATALANO,
Morgan & Morgan Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
(813) 223-5505

within twenty (20) days after service of this Summons upon that Defendant exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

    WITNESS my hand and seal of said Court on ___10/22/2020___, 2020.

CIRCUIT CIVIL
255 N. Broadway Avenue
Bartow, FL 33830

(Court Seal)

Stacy M. Butterfield
As Clerk of the Circuit Court


53-2020-CA-003205-0000-
10/22/2020 1:01:29 PM

By: _____
Deputy Clerk

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Office of the Court Administrator, (863) 534-4690, within two (2) working days of your receipt of this Summons; if you are hearing or voice impaired, please call TDD (863) 534-7777 or Florida Relay Service 711.**

Filing # 115271971 E-Filed 10/20/2020 12:05:47 PM

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

ALONZO WILLIAMS,

     Plaintiff,

                                    CASE NO.:

-vs-

DOLGENCORP, LLC,

     Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, ALONZO WILLIAMS, by and through his undersigned attorneys, and sues Defendant, DOLGENCORP, LLC, and alleges:

1.     This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30.001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2.     At all times material hereto, Plaintiff, ALONZO WILLIAMS, was a resident of Polk County, Florida.

3.     At all times material hereto, the Defendant, DOLGENCORP, LLC, was authorized and doing business in Polk County, Florida.



DEFENDANT'S
EXHIBIT
**"A"**

4.     At all times material hereto, Defendant, DOLGENCORP, LLC, owned, operated and maintained a Dollar General store located at 2040 E County Rd 540A, Lakeland, Florida, which was used as a store for the purposes of selling miscellaneous items to the general public.

5.     On September 3, 2017 the Plaintiff, ALONZO WILLIAMS, went to the Dollar General store located at the above address when he slipped and fell on the wet floor, causing him to sustain injuries.

## COUNT 1 – NEGLIGENCE

Plaintiff, ALONZO WILLIAMS, re-alleges paragraphs 1-5 of the Complaint, and further states:

6.     On the date and at the place aforesaid, the Defendant, DOLGENCORP, LLC, owed the Plaintiff, ALONZO WILLIAMS a business invitee upon the premises, the duty to exercise reasonable care for the safety of Plaintiff, ALONZO WILLIAMS.

7.     On the date and at the place aforesaid, the Defendant, DOLGENCORP, LLC, breached the duty owed to the Plaintiff, ALONZO WILLIAMS, by committing one or more of the following omissions or commissions:

a.     Negligently failed to maintain or adequately maintain the floor space in and around the entrance to the Dollar General store by allowing the floor to remain wet, for the safety of the Plaintiff, ALONZO WILLIAMS, as he walked across said floor;

b.     Negligently failed to inspect or adequately inspect the floor space in and around the entrance to the Dollar General store, to determine whether the floor was wet, for the safety of the Plaintiff, ALONZO WILLIAMS;

c.     Negligently failed to warn or adequately warn the Plaintiff, ALONZO WILLIAMS, of the danger of slipping on the wet floor  in and around the entrance to the Dollar

General store when the Defendant, DOLGENCORP, LLC, knew or should have known of said danger and that the Plaintiff, ALONZO WILLIAMS, was unaware of said danger; and

      d.     Negligently failed to correct, or adequately correct the dangerous condition of the wet floor in and around the entrance to the Dollar General Store when said dangerous condition was known to the Defendant, DOLGENCORP, LLC, or had existed for a sufficient length of time so that the Defendant should have known of it.

      8.     As a direct and proximate cause of the negligence of the Defendant, DOLGENCORP, LLC, as heretofore alleged, the Plaintiff, ALONZO WILLIAMS, slipped on the wet floor, which had been permitted to remain in said condition, and when he fell he sustained injuries and damages as hereinafter alleged.

      9.     As a direct and proximate result of the negligence of the Defendant, DOLGENCORP, LLC, as heretofore alleged, the Plaintiff, ALONZO WILLIAMS, was injured in and about his body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of both a physical and mental nature; incurred a permanent injury to the body as a whole; incurred loss of ability to lead and enjoy a normal life; all of which are either permanent or continuing in nature and the Plaintiff, ALONZO WILLIAMS, will sustain said loss in the future.

      WHEREFORE, the Plaintiff, ALONZO WILLIAMS, demands judgment against the Defendant, DOLGENCORP, LLC, in an amount in excess of Thirty Thousand ($30,000.00) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

DATED this 20TH day of October, 2020.

/s/ James Catalano
James A. Catalano
Morgan & Morgan Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
jcatalano@forthepeople.com
Tele: (813) 337-5073
Fax: (813) 983-2890
Florida Bar #: 112868
Attorney for Plaintiff(s)

Filing # 115271971 E-Filed 10/20/2020 12:05:47 PM

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

ALONZO WILLIAMS,

     Plaintiff,

                                      CASE NO.:

-vs-

DOLGENCORP. LLC,

     Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST TO PRODUCTION

     PURSUANT TO Rule 1.350, Florida Rules of Civil Procedure, Plaintiff, ALONZO WILLIAMS, by and through her undersigned attorneys, hereby requests Defendant, DOLGENCORP. LLC, produce for inspection or copying the documents set forth below. Defendant shall produce these documents at One Tampa City Center, 201 N. Franklin Street 7th Floor. Tampa. Florida 33602 within forty-five (45) days after service of this Request to Produce.

### DEFENDANT SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:

1. Any and all statements, written or recorded, made by any employees of Defendant pertaining to or concerning the subject incident.

2. Any and all incident reports filed pertaining to or concerning the subject incident.

3. Any and all statements, written or recorded, made by the Plaintiff pertaining to or concerning the subject incident.

4. Any and all statements, written or recorded, made by any witnesses pertaining to or concerning the subject incident.

5. Any and all statements, written or recorded, pertaining to the Plaintiff.

6. Any and all color photographs, drawings, sketches or diagrams of the area in which the subject incident occurred.

7. A copy of any and all insurance policies or agreements of any kind or nature under which any person or company carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including, but not limited to, a certified copy of the declarations sheet as to each such policy.

8. Copies of videotapes from surveillance cameras showing the area where the incident occurred on the date of the fall.

9. Any photograph or videotape showing the Plaintiff.

10. Any and all general operations and procedural manual in use at the time of the fall.

11. Any and all written material supplied to employees at the time of hire.

12. Any and all written material supplied and made available to employees during training.

13. Copy of all videotapes supplied to or viewed by employees upon being hired or during initial training.

14. All instructional audiotapes made available to employees at the time of hiring or during initial training.

15. Any and all minutes of any safety meeting held during the year of the fall.


I HEREBY CERTIFY that a true and accurate copy of the above and foregoing was delivered with a copy of the Summons and Complaint.

/s/ James Catalano
James A. Catalano
Morgan & Morgan Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
jcatalano@forthepeople.com
Tele: (813) 337-5073
Fax: (813) 983-2890
Florida Bar #: 112868
Attorney for Plaintiff(s)

Filing # 115271971 E-Filed 10/20/2020 12:05:47 PM

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

ALONZO WILLIAMS,

     Plaintiff,

                                          CASE NO.:

-vs-

DOLGENCORP, LLC,

     Defendant.
_____/

## NOTICE OF SERVING INTERROGATORIES

TO:    DOLGENCORP, LLC

PURSUANT TO Rule 1.340, Florida Rules of Civil Procedure, you are required to answer the following Interrogatories in writing and under oath within forty-five (45) days from the date of service.

I HEREBY CERTIFY that an original and one copy of the Interrogatories numbered one (1) through (16) have been furnished to the Defendant together with the Summons and Complaint.

/s/ James Catalano
James A. Catalano
Morgan & Morgan Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
jcatalano@forthepeople.com
Tele: (813) 337-5073
Fax: (813) 983-2890
Florida Bar #: 112868
Attorney for Plaintiff(s)

## INTERROGATORIES TO DEFENDANT

1. Please state the names, addresses and job titles and, if an officer of a corporation, identify such office of position of all persons participating in the answering of these interrogatories.

2. Were you aware, prior to the filing of the Complaint in this action that the Plaintiff, ALONZO WILLIAMS, was injured while at the Dollar General store located at 2040 E County Rd 540A, Lakeland, Florida on September 3, 2017? If so, state when and by whom the occurrence described in the Complaint was made known to you and whether said notice was written or oral, and if written, the name and address of the person who now has custody of said written notice.

3. Please state the names, addresses and job titles of any and all persons who were responsible for maintaining, cleaning and/or inspection of the subject area on the date of the alleged occurrence, including outside contractors.

4. Plaintiff, ALONZO WILLIAMS, alleges that the presence of a wet floor caused him to fall and sustain injuries. Do you contend that the presence of a wet floor did not cause Plaintiff to fall and sustain injuries? If so, state the reasons for said belief and what you contend did cause Plaintiff's injuries.

5. Were you or any of your employees aware of the presence of the wet floor prior to the accident? If so, state the name, address and job title of each individual who was aware of the presence of the wet floor, the circumstances under which such notice was received, the name or other means of identification of each person who so informed said individual(s), and a description of any action which was taken as a result of such notice.

6. State the reason and the length of time that the condition existed at the scene of the incident.

7. Did you or any employee receive any complaint, warning or other notice concerning a dangerous or defective condition on the premises prior to the accident? If so, state the date and time received, and substance of said notice, the name or other means of identification and address of the person by whom it was given, the nature and location of the danger or defect to which it related and what actions, if any, were taken as a result of it.

8. Has any other accident occurred on your premises in the same area as or in a similar manner to, the accident in which Plaintiff herein was injured? If so, state the date and time it occurred, a description of how it occurred, the name or other means of identification and address of the person to whom it occurred, the location in which it occurred and what, if any, safety precautions were taken as a result of it. (We limit our request to 3 years before the accident up to the date of the accident)

9. Was an investigation made by you or on your behalf as a result of the incident cited in the Complaint filed by Plaintiff? If so, state the date it was made, the name, address and occupation of each person who made it and whether any report was made of it.

10. Were any statements obtained by you or on your behalf from any person concerning the accident? If so, state the date and time it was obtained, the name, address and occupation of the person who made it and whether it was written or oral and if written, the name and address of the person who has custody of it.

11. Do you know of anyone who took or claims to have taken any photographs of the scene of the incident, the persons or objects involved? If so, state the subject matter of such photographs, the date each was taken, the identity and address of the person or persons taking such photographs and the name and address of each person who has possession or control of such photographs.

12. Are you protected by any insurance company indemnifying you against the type of risk on which Plaintiff's claim is based? If so, state the name and address of each insurer, the number of each policy and the type of coverage.

13. Do you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in this lawsuit? If so, state the full name and address of each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

14. Is there store surveillance video? If so, did you save it as requested in the preservation letter sent to you? If not, why not?

15. Please describe in detail how the incident in question occurred, including where the substance on the floor came from, a description of the substance on the floor, how long the substance had been on the floor prior to the incident, the last time the area of the fall had been inspected by a Taco Bus employee, and a detailed description of how the Plaintiff fell including what part of her body slipped on the substance and what part of her body struck the floor.

16. Please state the name and address of the manager on duty at the time of the incident.

_____

As Representative of _____

STATE OF _____

COUNTY OF _____

    I HEREBY CERTIFY that the foregoing Interrogatories to Defendant, _____, As Representative of _____, were acknowledged before me this ____ day of _____, 2020, by _____, As Representative of _____, who has produced _____ as identification or who is personally known to me and who did/did not take an oath.

_____

Notary Public

Name:_____

    (printed or typed)

My commission expires: