```
                   UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

ALONZO WILLIAMS,

    Plaintiff,

v.                                Case No. 8:20-cv-2715-T-33AEP

DOLGENCORP, LLC,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

## **Discussion**

"Federal courts have limited subject matter jurisdiction." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff Alonzo Williams initiated this slip-and-fall action in state court on October 20, 2020. (Doc. # 1-1). Thereafter, on November 18, 2020, Defendant Dolgencorp, LLC,

removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

Here, the complaint does not specify the amount of damages sought. (Doc. # 1-1 at ¶ 1) ("This is an action for damages that exceeds the sum of [thirty thousand dollars.]"). In its notice of removal, Dolgencorp relies upon Williams' pre-suit demand letter to establish the amount in controversy. (Doc. # 1 at ¶ 9). The pre-suit demand letter sought $100,000, including past medical expenses amounting to $5,699 and caretaking services for Williams' mother in the amount of $5,400. (Doc. # 6-1).

Upon review of Dolgencorp's notice of removal, the Court was "unable to determine whether the amount in controversy has been met by Williams' damages claim without engaging in heavy speculation." (Doc. # 3). The Court then gave Dolgencorp an opportunity to provide additional information to establish the amount in controversy. (Id.).

Dolgencorp has now responded to the Court's Order in an attempt to establish this Court's diversity jurisdiction. (Doc. # 6). But Dolgencorp still fails to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. In its response, Dolgencorp reiterates its position that Williams' pre-suit demand letter establishes an amount in controversy exceeding $75,000. (Id. at 3-4).

However, the only concrete damages here are $5,699 in past medical expenses and $5,400 in caretaking expenses, amounting to $11,099. Although Dolgencorp attempts to use the demand letter as evidence of the amount in controversy, demand letters do not automatically establish the amount in controversy. See Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-J-32JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (stating that demand letters and settlement offers "do not automatically establish the amount in controversy for purposes of diversity jurisdiction"). Indeed,

3

"[w]here demand letters reflect only puffing and posturing without providing specific information to support [the] plaintiff's claim for damages, they do not establish the requisite amount in controversy." Aijde Wanounou, Inc. v. Scottsdale Ins. Co., No. 20-cv-23491-BLOOM/Louis, 2020 WL 5035248, at *2 (S.D. Fla. Aug. 26, 2020) (citations omitted).

In short, Dolgencorp has not persuaded the Court that the amount in controversy exceeds $75,000. Rather, the only concrete damages fall below $12,000. Dolgencorp has not carried its burden of establishing this Court's diversity jurisdiction and the Court thus lacks subject matter jurisdiction. Therefore, the case is remanded to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to **REMAND** this case to state court because the Court lacks subject-matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 24th day of November, 2020.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4